UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6051-CR-DIMITROULEAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BERT HARRIS,

    Defendant.

_____/

## MOTION TO COMPEL COMPLIANCE WITH
## JUDGMENT AND COMMITMENT ORDER

The Defendant, Bert Harris, through counsel, files this Motion to Compel Compliance with the Judgment and Commitment Order, and states:

The Court sentenced Defendant Bert Harris on August 11, 2000, for violating Title 18 U.S.C., § 2252, Possession of Child Pornography, (one video tape). Following a period of four months incarceration, the Court imposed several Special Conditions of Supervision. One of the Special Conditions was a four month period of home confinement.

The home confinement condition was to commence immediately upon the completion of the four month period of incarceration. Defendant Harris was released from the Federal Detention Center, Miami, Florida on December 8, 2000. He returned to his home on Sunday, December 10, 2000. The next day, Monday, December 11, 2000 he appeared in the United States Probation Office, Chicago, Illinois.



At this meeting Defendant Harris met with United States Probation Officer Noelia Torres regarding the continuation of his sentence. He was informed that he would not be supervised by the "Chicago Office" and that he would have to report to the Lisle, Illinois Office, later in the month.

On December 22, 2000, the Defendant appeared in the United States Probation Office in Lisle, Illinois. At this meeting he voluntarily submitted to a urinalysis test which tested negative. At this meeting he was informed that his supervising officer would not be available until after the New Year. Defendant Harris left the United States Probation Office in Lisle, Illinois and returned to his home. Since his return to his home in Elgin, Illinois, he has remained in his home continuously, as he was ordered to do by this Court.

Defendant Harris' next visit to the Probation Office was on January 10, 2001. A second urinalysis was administered which was negative. At this meeting the Defendant met Ms. Kimberly Masini, his assigned United States Probation Officer.

During this meeting with Probation Officer Masini, the Defendant was informed that the second phase of his sentence, home confinement, would commence as of January 10, 2001 not the December 11, 2000, the first day he reported to probation. Though Defendant Harris attempted to reason with Ms. Masini, she was adamant.

Defendant Harris is requesting that he be given credit for the month of home detention that he has already completed. At his sentencing on August 11, 2000, the Court Ordered Defendant Harris into Bureau of Prison's custody for a period of four months followed immediately by four months house arrest. The Defendant complied with the Court's Order. After his release from incarceration he appeared at the United States Probation Office in Chicago on their next business day. Upon leaving the United States Probation Office, he returned home immediately and remained

2

there. He has not violated any term or condition of the Judgment and Commitment Order entered by the Court.

Defendant Harris is requesting that he be given credit for the one month of house arrest completed. He does not believe that it is equitable for his term of house arrest to commence at the whim of the Probation Office. The Judgment and Commitment Order clearly states that home confinement is to follow his release from incarceration.

Undersigned counsel has spoken with Assistant United States Attorney Kathleen Rice regarding this request. She does not have an objection to the Defendant being credited with one month of house arrest from December 11, 2000 until January 10, 2001

The second issue that Defendant Harris desires to raise has to do with the cost of electronic monitoring. To maintain the telephone lines required to sustain the electronic bracelet, the daily charge is $4.25. The cost is $131.75 for the month of January alone. This does not include the cost of installing a second telephone line which is $100.00.

Defendant Harris is seeking to resolve two additional issues with this request. He is requesting that an electronic bracelet not be placed on his ankle for the remaining three months (if credited with one month). If the bracelet is eliminated, he will not have to incur the installation charge of $100.00. Additionally, he will not have to incur the $526.00 daily charge for monitoring. This is the amount charged over a period of four months.

Assistant United States Attorney Rice was advised of this request. She would take no position and defer to the United States Probation Office.

The last request that Defendant Harris would like to raise is the frequency of the urine tests. The Judgment and Commitment Order states (Page 3, first full paragraph, "The defendant shall

refrain...") "The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter."

The United States Probation Officer desires to conduct urinalysis tests on a monthly basis, regardless of the contents of the Judgment and Commitment Order.

Assistant United States Attorney Rice was contacted regarding this issue. Ms. Rice would like to see the Judgment and Commitment Order followed as set forth in the document. She stated that if "he successfully passes the three urinalysis test, she has no objection to the elimination of this condition." From the date of his first appearance on April 11, 2000 before Magistrate Judge Seltzer until his sentencing on August 11, 2000, there never was an issue regarding the illicit use of narcotics.

WHEREFORE, the Defendant, Bert Harris, through counsel, requests that he be given credit for one month house arrest. He believes that he followed the sentence imposed "to the letter." On August 11, 2000 he was instructed regarding all conditions of his sentence. He does not believe that he should be punished with an extra month of home confinement because his supervising probation officer was out of the Probation Office.

Since his return home, he has been unsuccessful in obtaining work. He has attempted to acquire work on a regular basis, unfortunately he has been unsuccessful. He will continue to make every attempt possible to acquire a job. Due to the tremendous financial burden placed upon the Defendant, he is requesting that the electronic monitor be deleted. In the alternative, the Defendant is requesting that the cost of $4.25 per day be deleted as he does not have the ability to pay.

The Defendant's last request is that he be ordered to take three urinalysis tests as set forth in the Judgment and Commitment Order. He has read this document carefully and strongly believes that had the Court desired continuous narcotic testing, it would have been ordered.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: *Robert N. Berube*

Robert N. Berube
Supervisory Assistant
Federal Public Defender
Florida Bar No. 304247
Attorney for Defendant
101 N.E. 3rd Avenue, Suite 202
Fort Lauderdale, Florida 33301
(954) 356-7436 / (Fax) 356-7556

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the aforementioned motion was mailed on this 12 day of January, 2001, to Kathleen Rice, Assistant United States Attorney, at 299 East Broward Boulevard, Fort Lauderdale, Florida 33301 and Kimberly Masini, United States Probation,

*Robert N. Berube*

Robert N. Berube

5