UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6051-CR-DIMITROULEAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BERT HARRIS,

    Defendant.

_____/



## DEFENDANT'S SUPPLEMENTAL MOTION TO COMPEL

The Defendant, Bert Harris, Through Counsel, files this Supplemental Motion to Compel and states.

The Defendant is requesting that the letter and spirit of the Judgment and Commitment Order be honored by the United States Probation Office. Defendant Harris is not seeking amendment to the Judgment and Commitment Order.

At the time of sentencing the Court imposed a period of formal incarceration followed by home confinement. The home confinement was to commence immediately upon the Defendant's return to Elgin, Illinois. The United States Probation Office was aware of the Judgment and Commitment Order and should have made the necessary arrangements to execute the Court's Order. Specifically, a probation officer should have been on duty to execute the sentence immediately by

1



enforcing home confinement. It was never contemplated by this Court to give Defendant Harris a month sabbatical upon his return to Elgin, Illinois.

The Defendant submits that the issue is not jurisdictional, but rather enforcement and accountability. The sentence was imposed and clearly understood by all parties present. There is no discrepancy or uncertainty in the Judgment and Commitment Order. Defendant Harris took all necessary steps to comply with the Court's Order and was rebuked at each contact. Nothing is contained in the Judgment and Commitment Order that may be construed as permitting the Probation Office to ignore the Judgment and Commitment Order until holiday season was concluded.

The United States Probation Office's approach is that home detention was to commence one month after his return to Elgin, Illinois. Following their interpretation, the Defendant would have been free to travel, attend sporting events and generally disregard this Court's Order until the Illinois Probation Officer returned from annual leave.

Defendant Harris respectfully submits that the Probation Office cannot interpret the Court Order to their satisfaction. Had the Defendant been arrested during December of 2000, the Probation Office would have immediately filed a request for an arrest warrant notifying this Court of a violation of home confinement. Defendant was ordered into home confinement and he acted accordingly. He should not be punished as a result of the dilatory conduct of the United States Probation Office in the Great State of Illinois.

Undersigned counsel has discussed this matter with Assistant United States Attorney Kathleen Rice. She does not object to the Defendant's request.

                              Respectfully submitted,

                              KATHLEEN M. WILLIAMS
                              FEDERAL PUBLIC DEFENDER

By: *[signature]*

                      Robert N. Berube
                      Supervisory Assistant
                      Federal Public Defender
                      Florida Bar No. 304247
                      Attorney for Defendant
                      101 N.E. 3rd Avenue, Suite 202
                      Fort Lauderdale, Florida 33301
                      (954) 356-7436 / (Fax) 356-7556

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the aforementioned motion was mailed on this 18th day of January, 2001, to Kathleen Rice, Assistant United States Attorney, at 299 East Broward Boulevard, Fort Lauderdale, Florida 33301.

                              *[signature]*
                              Robert N. Berube